IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES BOST, <br><br> Defendant. | 2:21-cr-30-CCW |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant James Bost's Motion to Dismiss the Indictment against him. ECF No. 123. For the following reasons, the Court will DENY Mr. Bost's Motion.

**I.    Background**

Mr. Bost is charged with (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1) and (2) possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count 2). ECF No. 3 at 1–2. The charged crimes allegedly occurred on or around January 7, 2020. *Id.*

Specifically, Count 1 charges that Mr. Bost unlawfully possessed a Charter Arms, .38 caliber pistol, having previously been convicted of Terroristic Threats and Criminal Conspiracy to Commit Terroristic Threats,[1] in the Allegheny County Court of Common Pleas, which was

---

[1] The elements of this offense are:

**Section 2706. Terroristic threats.**
**(a) Offense defined.**--A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
(1)  commit any crime of violence with intent to terrorize another;
(2)  cause evacuation of a building, place of assembly or facility of public transportation; or
(3)  otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

punishable by imprisonment for a term exceeding one year. *Id.* at 1. Count 2 charges that Mr. Bost knowingly possessed this firearm, which had been shipped and transported in interstate commerce, while knowing, or having reasonable cause to believe, that the firearm was stolen. *Id.* at 2.

On June 28, 2023, Mr. Bost filed a Motion to Dismiss his Indictment under Federal Rule of Criminal Procedure 12(b)(3), arguing that § 922(g)(1) is unconstitutional. ECF No. 123. Specifically, Mr. Bost argues that § 922(g)(1) is unconstitutional as applied to him under the Third Circuit's *en banc* decision in *Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96 (3d. Cir. 2023) and the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111 (2022). ECF No. 123 at 3–6. He also contends that the statute is unconstitutional on its face, void-for-vagueness, and a violation of the Commerce Clause. ECF No. 123 at 6–9. And finally, he asserts that § 922(j), which prohibits possession of stolen firearms, is unconstitutional as applied to him. ECF No. 123 at 2 (arguing in passing that the *Range* analysis also applies to § 922(j) offenses).

To succeed on his as-applied challenge to either § 922(g)(1) or § 922(j), Mr. Bost must show that the statute's application under the circumstances would deprive him of a constitutional right. *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). By contrast, to succeed on his facial challenge to § 922(g)(1), Mr. Bost must show that "no set of circumstances exists under which [§ 922(g)(1)] would be valid," i.e., that § 922(g)(1) is unconstitutional in all circumstances. *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). In ruling on Mr. Bost's Rule 12(b)(3) Motion, the Court "accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990); *see United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011). The parties

have fully briefed the Motion, which is ripe for adjudication. *See* ECF Nos. 123, 124, 133, 136, 140, 141.

## II. Analysis

### A. Section 922(g)(1) is Constitutional As Applied to Mr. Bost

The Court agrees with the United States that § 922(g)(1) does not violate the Second Amendment as applied to Mr. Bost.

As a threshold matter, Mr. Bost is "one of the people" protected by the Second Amendment, despite his prior felony conviction. *See Range*, 69 F.4th at 101–03; ECF No. 124 at 5 (government's concession on this point). Next, the Court assumes without deciding that the Second Amendment's plain text applies to Mr. Bost's proposed conduct in Count 1—possession of a firearm. *See Bruen*, 142 S. Ct. at 2134–35. Although the Second Amendment applies to Mr. Bost and his proposed conduct, the Court concludes that the United States has met its burden to show that § 922(g)(1) as applied to Mr. Bost is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2135. Therefore, § 922(g)(1) comports with the Second Amendment.

In addressing Mr. Bost's Motion, the Court need not decide whether it is permissible to look beyond the allegations in the Indictment, because the United States has met its burden based on those allegations alone. Similarly, the Court need not write at length, because it joins, and benefits from the analysis of, a number of fellow judges in this District and Circuit, in concluding that § 922(g)(1) is constitutional as-applied.[2] *See, e.g.*, *United States v. Wise*, No. 21-cr-511, 2023 WL 6260038, **11–14 (W.D. Pa. Sept. 26, 2023) (Hardy, J.); *United States v. Williams*, No. 22-cr-228, 2023 WL 6810569, **6–7 (W.D. Pa. Oct. 16, 2023) (Hardy, J.); *United States v. Hilliard*, No. 23-cr-110, 2023 WL 6200066, at *2 (W.D. Pa. Sept. 21, 2023) (Ranjan, J.); *United States v.*

---

[2] The Court incorporates by reference the historical analogues in the United States' briefing as if fully set forth herein. ECF No. 124 at 8–12.

*Mackall*, No. 22-cr-111, ECF No. 95, at *5–8 (W.D. Pa. Oct. 17, 2023) (Schwab, J.); *United States v. Jones*, No. 20-cr-21, 2023 WL 6541040, at *1 (W.D. Pa. Oct. 6, 2023) (Bissoon, J.).

In short, Mr. Bost's prior conviction for making terroristic threats makes him "a potential danger to society [who] cannot be trusted to obey firearm regulations" such as § 922(g)(1). *United States v. Johnson*, No. 23-cr-77, 2023 WL 6321767, at *3, (E.D. Pa. Sept. 27, 2023) (finding the government's historical analogues sufficiently similar to the defendant's prior convictions for carrying a firearm without a license and receiving stolen property); *United States v. Davis*, No. 23-cr-60, 2023 WL 6810249, at *10 (M.D. Pa. Oct. 16, 2023) (finding the government's historical analogues sufficiently similar to the defendant's predicate convictions for unlawful possession of a sawed-off shotgun and felony larceny); *United States v. Robinson*, No. 22-cr-362, 2023 WL 7021320, at **6–8 (M.D. Pa. Oct. 25, 2023) (finding government's historical analogues sufficiently similar to defendant's predicate offense of grand theft of a motor vehicle because defendant's offense was "dangerous or disruptive" to societal order).

Relatedly, Mr. Bost is unlike Brian Range. Mr. Range, a civil litigant seeking a declaratory judgment so he could buy a hunting rifle, had one prior conviction for making a false statement to procure food stamps. *Range*, 69 F.4th at 106. Mr. Bost, who is currently charged with being a felon in possession of a firearm, and possessing a stolen firearm, has a prior conviction for making terroristic threats. *Robinson*, 2023 WL 7021320, at *8 (finding that unlike Mr. Range's prior conviction, defendant's prior conviction for grand theft "supports the disarmament of [the defendant] and those like him"); *Davis*, 2023 WL 6810249, at *11 (explaining that the defendant and Mr. Range "are not '[a]like' in any meaningful way" because the defendant has prior convictions for unlawful possession of a firearm and larceny). Thus, the Third Circuit's narrow holding that § 922(g)(1) was unconstitutional as applied to Mr. Range does not extend to Mr. Bost,

who is differently situated. Accordingly, the Court finds that § 922(g)(1) is constitutional as applied to Bost.

### B.     Mr. Bost's Facial, Vagueness, and Commerce Clause Challenges Also Fail

Mr. Bost cannot succeed on his facial challenge to § 922(g)(1) because he has not met his burden to show that § 922(g)(1) is unconstitutional in all circumstances. *Mitchell*, 652 F.3d at 405 (quoting *Salerno*, 481 U.S. at 745). I join a number of my colleagues in reaching this conclusion. *Mackall*, 22-cr-0111, ECF No. 95 at 8–9; *Jones*, 2023 WL 6541040, at *1 (citing cases).

Similarly, he cannot prevail on his void-for-vagueness argument. A criminal statute is impermissibly vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (citation omitted). Again, I join many of my colleagues in concluding that § 922(g)(1) does not suffer from this deficiency. *See, e.g.*, *Hilliard*, 2023 WL 6200066, at *1 (citing cases); *Mackall*, 22-cr-0111, ECF No. 95 at 9–10.

Similarly, Mr. Bost's commerce clause challenge, which he expressly acknowledges is brought only to preserve the argument, ECF No. 123 at 9, fails because it is foreclosed by existing precedent. *Hilliard*, 2023 WL 6200066, at *1; *Mackall*, 22-cr-0111, ECF No. 95 at *10.

### C.     Mr. Bost's As-Applied Challenge to Section 922(j) Fails

The Court agrees with the United States that, under the same analytical framework used in *Range*, § 922(j) is constitutional as applied to Mr. Bost.

As noted above, Mr. Bost is "one of the people" protected by the Second Amendment. *See supra* Section A. But the Second Amendment does not protect Mr. Bost's proposed conduct— possession of a stolen firearm. *See United States v. Gore*, No. 2:23-cr-04, 2023 WL 2141032, at

\*4 (S.D. Ohio Feb. 21, 2023) ("[T]he Second Amendment guarantees 'the right to keep and bear arms [for] *lawful purposes*,' and this Court can think of no lawful purpose for which a private citizen would knowingly possess a stolen firearm.") (cleaned up); *United States v. Lewis*, 22-222-WS, 2023 WL 4604563, at \*17–18 (S.D. Ala. July 18, 2023) (finding it implausible that the Second Amendment encompasses the right to possess a stolen firearm); *United States v. Smith*, No. 23-cr-008, 2023 WL 6795807, at \*4 (W.D. Pa. Oct. 13, 2023) (Stickman, J.) ("[P]ossession of a [stolen firearm] lies outside of the Second Amendment's right to keep and bear arms.").

Because the Second Amendment does not apply to Mr. Bost's proposed conduct, the United States need not show that § 922(j) as applied to Mr. Bost is "consistent with the Nation's historical tradition of firearm regulation." *See Bruen*, 142 S. Ct. at 2135. But, even if the Second Amendment encompasses the right to possess a stolen firearm, the United States has provided sufficient historical analogues under *Bruen*. ECF No. 124 at 14; *Gore*, 2023 WL 2141032, at \*4 (finding the government presented "numerous" historical analogues to § 922(j)); *Lewis*, 2023 WL 4604563, at \*18 (same). Accordingly, the Court finds that § 922(j) is constitutional as applied to Mr. Bost.

### III. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that Mr. Bost's Motion to Dismiss of the Indictment is HEREBY DENIED.

DATED this 8th day of November, 2023.

BY THE COURT:

/s/Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record